KERNOCHAN *et al. v.* NEW YORK EL. R. Co. *et al.*

(*Superior Court of New York City, General Term.* January 6, 1890.)

TRIAL—OBJECTIONS TO EVIDENCE.
    Where a question is put to witness containing matter both competent and incompetent, and a general objection is made, without specially pointing out the part claimed to be incompetent or immaterial, the objection will be unavailing.

Appeal from jury term.

Action by James P. Kernochan and others, individually, and as executors and trustees, against the New York Elevated Railroad Company and another. Judgment was entered in favor of plaintiffs, and defendants appeal.

Argued before SEDGWICK, C. J., and INGRAHAM, J.

*B. Toroles*, for appellants. *G. W. Van Nest*, for respondents.

PER CURIAM. All the questions presented on this appeal have been passed upon by the general term of this court adversely to the defendant,[1] except the objection to the question put to one of the experts called by the plaintiff, whereby the witness was requested to "give the rental value for the following years, with and without the road." To that question the defendant objected as "incompetent, irrelevant, and immaterial, and not within the issues of this action, and not a proper method of proof." The objection was to the whole question, and, so far as the question required the opinion of the witness as to the value of the property at the time, the evidence was clearly competent. The attention of the court was not called to the objection now urged, that the portion of the question that required the witness to give his opinion as to the rental value of the premises without the elevated railroad was incompetent, and no motion was made to strike out any portion of the answer after it was given. Considerable testimony was subsequently given on the same subject by both plaintiffs and defendants without objection. Under these circumstances, we think the objection, in the form it was taken, was unavailing. An examination of the whole case has satisfied us that the findings are sustained by the evidence, and the result would have been the same if the evidence now objected to had not been received.

We think, therefore, that no error was committed that requires a reversal of the judgment, and that the judgment should be affirmed, with costs.

[1] See Elevated R. Co. Cases, ante, 313, 533, 535, 547.